**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DWAYNE JACKSON,

    Petitioner,

v.                                              Case No:  8:16-cv-1984-T-30AAS
                                                        Crim. Case. No. 8:15-cr-57-T-30AAS

UNITED STATES OF AMERICA,

    Respondent.
_____/

# ORDER

THIS CAUSE comes before the Court upon Petitioner Dwayne Jackson's pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Doc. 1). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court must undertake a preliminary review of the motion. "[I]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," the Court must summarily dismiss the motion. Rule 4(b) of the Rules Governing Section 2255 Proceedings; *cf. McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (noting that Rule 4 permits a court to act sua sponte). After carefully examining the motion, the Court concludes that Petitioner's motion, on its face, fails to establish a claim under § 2255. Consequently, the motion should be summarily denied.

Petitioner filed a timely § 2255 petition on July 8, 2016, raising one ground for relief. (CV Doc. 1). Petitioner asserts that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), declaring the residual clause of the Armed Career Criminal Act ("ACCA") unconstitutionally vague, his sentence under 18 U.S.C. § 924(c) should be vacated. Namely, Petitioner asserts that because § 924(c), prohibiting possession of a firearm in furtherance of a crime of violence, contains a clause similar to the ACCA's residual clause, his sentence does not pass constitutional muster. This claim is without merit.

## **DISCUSSION**

On July 21, 2015, pursuant to a written plea agreement, Petitioner pled guilty to seven counts of commercial robbery, in violation of 18 U.S.C. § 1951(a), and one count of possession of a firearm in furtherance of a crime of violence, in violation of § 924(c)(1)(A)(ii). (CR Docs. 33, 40, 43). On November 4, 2015, Petitioner was sentenced to 144 months' imprisonment, comprising 60 months on the commercial robbery counts, with the sentences on those counts to run concurrently, and 84 months on the § 924(c) count, to run consecutive to the sentences imposed on the commercial robbery counts. (CR Doc. 51).

Under § 924(c), it is a crime to use or carry a firearm during and in relation to, or to possess a firearm in furtherance of, a "crime of violence." Section 924(c) defines a crime of violence as a felony:

> (A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

>   (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§924(c)(3). Subsection (A) is generally referred to as the elements clause and subsection (B) as the residual clause.[1] The crime of violence supporting Petitioner's sentence under § 924(c) is commercial robbery. Petitioner asserts that commercial robbery is not a crime of violence under either the elements clause, § 924(c)(3)(A), or the residual clause, § 924(c)(3)(B).

As a preliminary matter, it is not clear that *Johnson* applies to the residual clause of § 924(c). *See In re Pinder*, No. 16-12084-J, 2016 WL 3081954, at *2, 4 (11th Cir. June 1, 2016) ("[T]he law is unsettled on whether the rule announced in *Johnson* invalidates [a] sentence [under § 924(c)]."). Nevertheless, the Court need not address *Johnson*'s applicability to § 924(c) because even if *Johnson* applied, Petitioner would not be entitled to relief.

A conviction under § 1951 defines the crime of robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." § 1951(b)(1). Petitioner's robbery conviction has as an element "the use, attempted use, or threatened use of physical force against the person or property of another." Therefore, Petitioner's robbery conviction qualifies as a crime of violence under the elements clause of § 924(c), not the residual clause. *Cf. In re Fleur*,

---

[1] Section 924(c)(3)(B) is similar, although not identical, to the ACCA's residual clause.

3

No. 16-12299-J, 2016 WL 3190539, at *4 (11th Cir. June 8, 2016) (concluding that a robbery offense under § 1951(a) met the elements clause of the ACCA and foreclosed relief under *Johnson*).  Petitioner would not be entitled to relief under *Johnson*.

## CONCLUSION

Because Petitioner is not entitled to relief under *Johnson*, his motion should be denied.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner Dwayne Jackson's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is DENIED.

2. The Clerk is directed to enter judgment against Petitioner, terminate any pending motions as moot, and close this case.

3. The Clerk is also directed to terminate from pending status the motion to vacate found at Doc. 58, in the underlying criminal case, case no. 8:15-cr-57-T-30AAS.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
## IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  *Id.*  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

4

wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

DONE AND ORDERED at Tampa, Florida on this 11th day of August, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record